IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |  |
|---|---|---|
| DEXTER G. LEWIS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION FILE |
| vs. | : | **1:04-cv-40(RLH)** |
| | : | |
| RICKY HANES, ABL Management Inc., | : | |
| Food Service Coordinator, DAN | : | |
| HAGGERTY[1], Major of Administration, | : | |
| JAMIL SABA, Sheriff, Dougherty Co., | : | |
| | : | |
| **Defendants.** | : | |

# O R D E R

This is a § 1983 action brought by an inmate at the Dougherty County Jail who complains that the food he is given at the jail is inadequate in quantity and nutritional quality and that as a result of this he has suffered a significant weight loss. All parties have heretofore consented to the undersigned United States Magistrate Judge conducting any and all proceedings in connection with this action including but not limited to, the trial of said case and the ordering of the entry of judgment herein.

Presently pending is the defendants' second pre-answer motion to dismiss plaintiff's complaint.[2] Defendants previously filed another motion to dismiss alleging that the plaintiff should not be allowed to proceed in this matter *in forma pauperis* due to the three strikes provision of the Prison Litigation Reform Act. The court denied that motion as the plaintiff did not have three strikes at the time he filed this action. In responding to the first motion to dismiss

---

[1]Incorrectly identified by plaintiff as Dane Hagger

[2]Defendants have now filed their answer.

the plaintiff stated, "[i]f I have to pay the $150.00 filing fee for case 1:04-cv-54-2 and !:04-cv-

40-1 with the help of the Lord and my family, so I will not have to proceed in forma pauperis

then the 3 strike provision of the 28 U.S.C. § 1915 will not apply, then what will the defendants

do then?  If this case, I ask the court to notify me in writing and I will pay the total amount and

not let the amount be deducted from my prison account."  The defendants interpreted the above

quote to mean that the plaintiff stated he had the money to pay the filing fee, therefore his

complaint should be dismissed which he could re-file upon payment of the full filing fee. These

are the grounds set out in the pending motion to dismiss. In responding to this motion to dismiss

the plaintiff explained that if ordered to do so by the court, with the help of the Lord and his

family he would get the filing fee paid.  Plaintiff also stated in his response to this pending

motion that he presently had a negative balance of $372.96 in his account at the Dougherty

County Jail.  It must also be noted that when the plaintiff filed his complaint and motion to

proceed *in forma pauperis* the records submitted by the Dougherty County Jail showed him to

have a negative balance of $288.58 at that time.

　　　Although the plaintiff must be considered to be a frequent filer who now clearly has three

strikes against him, the court can not, under the grounds alleged by defendants,  grant the motion

to dismiss the complaint.  At the time the motion was filed plaintiff had a negative balance of

$288.58 in his jail account.  Accordingly the motion to dismiss is hereby **DENIED.**

　　　SO ORDERED, this 25th day of August 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE