IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **DEXTER G. LEWIS,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION FILE<br>: 1:04-cv-40(RLH) |
| **RICKY HANES, ABL Management Inc.,** | : |
| **Food Service Coordinator, DAN** | : |
| **HAGGERTY[1], Major of Administration,** | : |
| **JAMIL SABA, Sheriff, Dougherty Co.,** | : |
| **Defendants.** | : |

**O R D E R**

This is a § 1983 action brought by an inmate at the Dougherty County Jail who complains that the food he is given at the jail is inadequate in quantity and nutritional quality and that as a result of this he has suffered a significant weight loss. All parties have heretofore consented to the undersigned United States Magistrate Judge conducting any and all proceedings in connection with this action including but not limited to, the trial of said case and the ordering of the entry of judgment herein.

Presently pending is the plaintiff's Motion Requesting Meaningful Access to the Court in which he seeks an order from the court providing him with (1) five free local and long distance phone calls a day, (2) a telephone book, (3) a [sic] expert in the field of Nutrient [sic], (4) a [sic] investigator, (5) a runner to assist in the service of subpoenas and (6) unlimited access to a copies [sic] machine. Not surprisingly defendants oppose plaintiff's motion. Before addressing the

---

[1]Incorrectly identified by plaintiff as Dane Hagger

plaintiff's motion the court notes that the grant of *in forma pauperis* status waives on ly the requirement that the entire civil filing fee be paid in full at the time of filing the lawsuit, ti provides nothing more.  Further, plaintiff would have to pay for those requested items if he were not in custody.

Plaintiff has thus far certainly enjoyed meaningful access to the courts as shown by his multiple cases pending and his ability to file legal documents in them apparently at will.  As defendants correctly point out the plaintiff has failed to specify that he has suffered an "actual injury" such as a missed deadline or his inability to present a claim as required by Bounds v. Smith, 97 S.Ct. 1491 (1977) and Lewis v. Casey, 116 S.Ct. 2174 (1996) and for that reason his motion must fail. The fact that he is incarcerated does not give him anything everything we wants in order to pursue an alleged claim of a violation of his constitutional right.  Accordingly plaintiff's motion is **DENIED.**

SO ORDERED, this 25th   day of August 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE